Lloyd Ambinder (LA 4122)
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd PLLC
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 16 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARMANDO GUZMAN and JOSE GARCIA,
individually and on behalf of all other persons
similarly situated who were employed by VLM,
INC. d/b/a/ RELIABLE BAKERY,

Index:

**CLASS ACTION COMPLAINT**

Plaintiffs,

-against-

VLM, INC. d/b/a/ RELIABLE BAKERY, and
JOSEPH VITACCO,

**07    1126**

GLEESON, J

REYES, M.J

Defendants.

Plaintiffs Armando Guzman and Jose Garcia, on behalf of the putative class, by their

attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, allege as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New York Labor Law § 652, and N.Y.

CODES RULES AND REGULATIONS TITLE 12 §§142-2.2, and NYCRR 142-2.4 to recover

unpaid overtime compensation owed to Plaintiffs and all similarly situated persons who are

presently or were formerly employed by Defendant VLM, Inc., d/b/a Reliable Bakery ("VLM")

and Joseph Vitacco ("Vitacco") (collectively the "Defendants").

2.      Beginning in approximately 2001 and upon information and belief, to date,

Defendants have engaged in a policy and practice of requiring their employees to regularly work

over 10 hours per day, without providing overtime compensation as required by applicable

federal and state law.

3.      Under the direction of VLM, Inc.'s corporate directors, Joseph Vitacco, Defendants instituted this practice of depriving their employees of the basic compensation for work performed in excess of 40 hours per week as mandated by federal and state law.

4.      The named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees compensation, including overtime compensation, they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

6.      The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

7.      The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

8.      Venue for this action in the Eastern District of New York under 28 U.S.C. §139(b) is appropriate because Defendant VLM, Inc. maintain its principal place of business in the Eastern District of New York.

## THE PARTIES

9.      Plaintiffs, are individuals residing in the State of New York who performed labor

for VLM.

10.     Upon information and belief, Defendant VLM, Inc. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 8118 18th Avenue, Brooklyn, New York 11214, engaged in the baking business.

11.     Upon information and belief, Joseph Vitacco ("Vitacco") is a resident of New York, at 34 Summit Road, Staten Island, New York 10307 and is, and at all relevant times was an officer, director and/or owner of Defendant VLM, which is a closely held corporation, as defined by the Business Corporations Law.

## CLASS ALLEGATIONS

12.     This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

13.     This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed work for Defendant VLM other than office and executive personnel.

14.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees.  In addition, the names of all potential members of the putative class are not known.

15.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

16.     The claims of Plaintiffs are typical of the claims of the putative class.

17.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

18.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS

19.    Upon information and belief, beginning in or about 2001, Defendants VLM and Vitacco employed Plaintiffs and other members of the putative class to perform work as bakers and in other job functions related to VLM's commercial bakery operation.

20.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class were typically required to start work between 5:30 and 6:00 a.m. each day.

21.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class were required to typically ceased working between 4:30 and 6:00 p.m. each day.

22.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class were typically required to work six or seven days per week.

23.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class typically received a ten to fifteen minute break per shift.

24.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class were paid between $5.62 and $11.25 per hour of work for the first eight hours of each day of work.

25.    Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class did not receive any wages for the time in which they worked after the first forty hours in any given week.

26.     Upon information and belief, while working for VLM, Plaintiffs and the members of the putative class did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

27.     Upon information and belief, Vitacco was the president of Defendant VLM, and (i) has the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for VLM; (iii) determined the rate and method of payment for VLM's employees; and (iv) maintained employment records for VLM.

28.     Upon information and belief, Defendant Vitacco was the principal and sole owner of VLM, dominated the day-to-day operating decisions of VLM, and made major personnel decisions for VLM.

29.     Upon information and belief, Vitacco had complete control of the alleged activities of VLM which give rise to the claims brought herein.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS VLM AND VITACCO-- FLSA OVERTIME COMPENSATION

30.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof.

31.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

33.     Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

34.     Defendant VLM is an employer, within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

35.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Vitacco is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

36.     Upon information and belief, Defendants VLM and Vitacco failed to pay Plaintiffs and other members of the putative class any wages for the time in which they worked after the first forty hours in any given week.

37.     Upon information and belief, Defendants VLM and Vitacco failed to pay Plaintiffs and other members of the putative class any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

38.     The failure of Defendants VLM and Vitacco to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

39.     By the foregoing reasons, Defendants VLM and Vitacco are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS VLM AND VITACCO--
## FAILURE TO PAY WAGES

40.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 39 hereof.

41.     Pursuant to the Article Six of the New York Labor Law, workers, such as the Plaintiffs and the members of the putative class are protected from wage underpayments and improper employment practices.

42.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

43.     As persons employed for hire by Defendants, Plaintiffs and the members of the putative class are "employees," as understood in Labor Law § 190.

44.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

45.     As an entity that hired the Plaintiffs and members of the putative class, VLM is an employer.

46.     Upon information and belief, pursuant to Labor Law § 190 and the cases interpreting same, Vitacco is an employer under Labor Law § 190.

47.     Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law §§ 190, 191.

48.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and the putative class members, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

49.    In failing to pay Plaintiffs and other members of the putative class any wages and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs and the putative class member all of their wages earned within the week such wages were due.

50.    Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

51.    By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs and the putative class, pursuant to Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs and the members of the putative class.

52.    Upon information and belief, Defendants failure to pay the Plaintiffs and the putative class members wages and overtime payments for time worked after forty hours in one week was willful.

53.    By the foregoing reasons, Defendants VLM and Vitacco have violated Labor Law § 198 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages.

## THIRD CAUSE OF ACTION,
## AGAINST DEFENDANTS VLM AND VITACCO--
## NEW YORK OVERTIME COMPENSATION LAW

54.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 53 hereof.

55.    12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

56.    New York Labor Law Section 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

57.    Upon information and belief, Plaintiffs and the members of the putative class worked more than forty hours a week while working for VLM and Vitacco.

58.    Upon information and belief, Plaintiff received no wages or overtime compensation for the hours worked after the first forty hours of work in a week.

59.    Consequently, by failing to pay to Plaintiffs and the other member of the putative class wages and overtime compensation for work they performed after the first forty hours worked in a week, Defendants VLM and Vitacco violated New York Labor Law § 663 and 12 NYCRR § 142-2.2

60.    Defendants' failure to pay wages and overtime compensation for work they performed after the first forty hours worked in a week to Plaintiffs and the other member of the putative class was willful.

61.    By the foregoing reasons, Defendants VLM and Vitacco have violated Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages.

## FOURTH CAUSE OF ACTION,
## AGAINST DEFENDANTS VLM AND VITACCO--
## NEW YORK SPREAD OF HOURS LAW

62.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 hereof.

63.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

64.     Upon information and belief, Defendants VLM and Vitacco required that Plaintiffs and the members of the putative class typically work more than ten hours in a day.

65.     Upon information and belief, Defendants VLM and Vitacco did not pay Plaintiffs and the putative class members an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day.

66.     Consequently, by failing to pay to Plaintiffs and the other member of the putative class an additional hour's pay when Plaintiffs and the members of the putative class worked more than 10 hours in a day, Defendants VLM and Vitacco violated 12 NYCRR § 142-2.4.

67.     Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs and the members of the putative class after 10 hours in day was willful.

68.     By the foregoing reasons, Defendants VLM and Vitacco have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages.

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT VITACCO --
## BCL PERSONAL LIABILITY

69.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 68 hereof.

70.     Defendant VLM is a closely held corporations within the meaning of Business Corporations Law §630.

71.     Plaintiffs and other members of the putative class are laborers, within the meaning contemplated in Business Corporations Law § 630, who performed services for Defendant VLM. Plaintiffs and other member of the putative class are entitled, by law, to receive wages for the work they performed.  They have not, however, received wages and overtime payments for the time worked after the first forty hours of work in any week.  Therefore, Defendant VLM owes a debt to Plaintiffs and other member of the putative class for wages earned.

72.     Plaintiffs, pursuant to the requirements set forth in Business Corporations Law §630, served notice upon Defendant Vitacco that they intended to hold the applicable shareholders, liable for the unpaid wages.

73.     Defendant Vitacco violated Business Corporations Law §630 by failing to pay the unpaid wages owed to Plaintiffs and other members of the putative class, pursuant to his responsibility as one of the ten largest shareholders of a closely held corporation.

74.     Upon information and belief, Defendant Vitacco's failure to pay the wages owed to Plaintiffs and other members of the putative class was willful.

75.     By the foregoing reasons, pursuant to the above cited Business Corporations Law Defendant Vitacco is liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorney's fees and costs, and liquidated damages where

provided by law.

WHEREFORE, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action, against Defendants VLM and Vitacco in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants VLM and Vitacco in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages;

(3) on their third cause of action, against Defendants VLM and Vitacco, in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages;

(4) on their fourth cause of action, against Defendants VLM and Vitacco, in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections, and to the extent such putative class members opt out of the putative class, liquidated damages in the amount equal to 25% of the unpaid wages;

(5) on their fifth cause of action, against Defendant Vitacco, in an amount to be determined at trial, plus interest, attorney's fees and costs, and liquidated damages where provided by law;

(6) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   14th day of March, 2007

      BARNES, IACCARINO, VIRGINIA,
      AMBINDER & SHEPHERD PLLC

      By:_____
        Lloyd R. Ambinder
      *Attorneys for Plaintiffs*
       *and the Putative Class*
      Trinity Centre
      111 Broadway, 14th Floor
      New York, New York 10006
      (212) 943-9080