**Milman & Heidecker**
Attorneys at Law
3000 Marcus Avenue
Suite 3W3
Lake Success, New York  11042

Telephone (516) 328-8899
Facsimile (516) 328-0082

Lawrence I. Milman
Perry S. Heidecker
Robert F. Milman
Richard I. Milman
Joseph M. Labuda*

\* Also Admitted In NJ

Michael J. Mauro
Jamie S. Felsen

Author's Direct E-Mail Address:
joelabuda@mhlaborlaw.com
Direct Dial:  (516) 303-1380

September 7, 2007

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  Guzman, et al. v. VLM, Inc., et.al
     Index No.: 07-CV-1126 (JG) (RER)
     **M&H File No.: 71-2007**

Dear Judge Reyes:

This law firm represents the Defendant, Reliable Bakery, in the above-referenced matter.

Defendant VLM, Inc. d/b/a Reliable Bakery ("defendant" or "Reliable Bakery"), by and through its attorneys, Milman & Heidecker, respectfully submit this letter brief in opposition to plaintiffs' motion for an order (1) authorizing plaintiffs' counsel to send notice to each such person described in their notice regarding the pendency of this action and their opportunity to opt in to it.[1]

**PRELIMINARY STATEMENT**

Plaintiffs' motion should be denied since (1) they have failed to establish that similarly situated employees exist to warrant notice; (2) Defendants have established and provided substantial evidence that all employees were properly paid both regular and overtime wages; and (3) Plaintiffs' proposed notice must be

---

[1] Defendant, Joseph Vitacco joins in this letter brief opposing Plaintiffs' motion.

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
September 7, 2007
Page 2 of 12

rejected as overly solicitous and seeking to notify employees of claims beyond the FLSA collective actions.

First, plaintiffs provide no factual basis to warrant the sending of notice or discovery sought. Although a liberal opt-in standard exists under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., there is a standard nonetheless, i.e., a party seeking to send notice to potential class members must demonstrate that potential class members are "similarly situated." Plaintiffs have failed to provide any proof, apart from the bald allegations of the Complaint and plaintiff, Armando Guzman's ("Guzman") own conclusory affidavit that there are similarly situated employees. Indeed, despite the fact that plaintiffs first commenced this legal action against defendants on March 16, 2007 (six (6) months ago), plaintiffs have not submitted a single affidavit from any other employee claiming that they were allegedly subjected to the same unlawful conduct plaintiffs claims they were subjected to. The absence of such proof is fatal to plaintiffs' motion because it cannot be said that they have established even a "modest factual showing" Hoffman v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) that "putative class members were together the victims of a single decision, policy or plan." Bunnion v. Consolidated Rail Corp., 1998 WL 372644, at *17 (E.D. Pa. May 14, 1998). Plaintiffs are merely attempting to go on a fishing expedition to unjustifiably solicit additional plaintiffs.

Second, while plaintiffs levy allegations against defendants that similarly situated employees were not paid for hours worked over forty (40) in a week, the evidence in this matter establishes the contrary conclusion. Defendants have submitted eighteen (18) affidavits that demonstrate that employees were paid for all hours worked including overtime and were not denied proper compensation as plaintiffs allege. As a result, their claims that they suffered from a common plan or scheme of violating the FLSA is simply untrue and cannot support a finding that plaintiffs are similarly situated to the putative class.

Third, if plaintiffs' motion is granted and notice is sent to putative class members, plaintiffs' proposed notice suffers from a number of infirmities and must be rejected. In addition, plaintiffs seek to provide notice to a potential class dating back six (6) years, when the statute of limitations on FLSA claims can only potentially go back for a period of three (3) years. Any notice should necessarily be restricted in time to the statute of limitations under the FLSA (i.e. 3 years) which is provided for collective actions.

## ARGUMENT

**POINT I:   PLAINTIFFS HAVE FAILED TO MAKE EVEN A MODEST SHOWING THAT THEY ARE SIMILARLY SITUATED TO THE OTHER EMPLOYEES THEY SEEK TO REPRESENT AND THUS THEIR REQUEST FOR DISCOVERY AND THE SENDING OF NOTICE SHOULD BE DENIED**

A.   **Standard for the sending of notice in this Court**

In a putative FLSA collective action, district courts have discretion to direct that notice be given to potential class members. Hoffmann v. Sbarro, 982 F. Supp 249, 261 (S.D.N.Y. 1977) citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978). This discretionary power, however, must only be exercised in appropriate cases. Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D.Ala. 2004); Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983). "The question, therefore, is ... whether the appropriate circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." See Hoffmann, 982 F. Supp. at 261; Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, a plaintiff must demonstrate that the potential class members are similarly situated. Id. at 306; see also Levinson v. Primedia Inc., 2003 U.S. Dist. LEXIS 20010, at *3-4 (S.D.N.Y. Nov. 6, 2003); Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.") (citations omitted).

Neither the FLSA nor its implementing regulations define the term "similarly situated." Hoffman, 982 F.Supp at 261. However, courts in this Circuit have held that to meet this burden of proof, a plaintiff must make a modest factual showing sufficient to demonstrate that he and potential plaintiffs are victims of a common policy or plan that violated the law. Mike, 274 F. Supp. 2d at 220; see also Sbarro, 982 F. Supp. at 261.

To make the required showing here, the "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted). See also Levinson, 2003 U.S. Dist. LEXIS, at *4 (factual showing must be "sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law") (citation omitted); Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 U.S. Dist. LEXIS 4163, at *7 (N.D. Tex. Mar. 11, 2002) (in putative FLSA collective action, denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs burden") (citation omitted); Jackson v. New York Tele. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (plaintiffs required to "demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); Krueger v. New York Tele. Co., 1993 U.S. Dist. LEXIS 9988, at *9-10 (S.D.N.Y. July 21, 1993) (when the litigation is in its early stages, plaintiffs need only provide some factual basis from which the court can determine if similarly situated plaintiffs exist); Schwed v. General Elec. Co., 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995)

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
September 7, 2007
Page 4 of 12

("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist"); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (requiring "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination" (quoting Palmer v. Reader's Digest Ass'n, 1986 WL 11458 at *1 (S.D.N.Y. Oct. 3, 1986)).

### B. Plaintiffs have failed to meet the standard for the discovery they seek and the sending of notice

Courts will deny notice when the allegations show significant factual differences, even though similar legal issues are presented. See Marsh v. Butler County School System, 242 F. Supp. 2d 1086, 1095 (M.D. Ala. 2003) (expert witness affidavit was presented as evidence of a pattern and practice of FLSA violations. The court denied notice because the expert had not reviewed any interview sheets of people working for this particular defendant).

In Sheffield v. Orius Corp., 211 F.R.D. 411, 413 (D. Or. 2002), the court denied the plaintiffs' notice motion because of factual differences among putative class members. The differences that defeated a similarly situated finding included class members being employed by different subsidiaries and affiliates of the defendant and class members holding different job titles, enjoying different payment structures (piece rate, hourly and salaried), and working at nine different job sites. The defendant also acquired many smaller companies and was unaware of wage and hour problems by acquired entities, so there was not a common company wide plan.

In White v. Osmose, Inc., 204 F. Supp. 2d 1309 (M.D. Ala. 2002), the employer provided maintenance services to utility companies. The plaintiff, a foreman responsible for a crew that performed inspections and treatments on utility poles, sought compensation for himself and other foremen and crewmen for travel time, as well as for performance of administrative duties off the clock. The court rejected notice to the crewmen, finding a conflict of interest between them and the foremen, because the foremen were responsible for crewmen's time records and received bonus pay based on production. The court also reviewed the depositions of several managers, payroll records, and several affidavits and concluded that it was appropriate to require notice to foremen in Alabama, but not to the nationwide opt-in class sought by the plaintiff. Id. at 1316, 1318.

In Hall v. Burk, 2002 U.S. Dist. LEXIS 4163 (N.D. Tex. Mar. 12, 2002), the plaintiff sought court-authorized notice for a class of employees of a Dallas ophthalmologist who improperly utilized a fluctuating work week pay scheme. The court denied the motion, even under the lenient standard, finding that the plaintiff had failed to identify other similarly situated employees or submit any affidavits. The court also appeared to be persuaded that, because the employer had audited its own pay records and

was making full overtime wage payments to all current and former employees, it was not proper for the court to exercise its discretion to order notice. Finally, the court also denied the plaintiffs' motion to void the releases obtained from the employees being paid back overtime pay on the ground that because the plaintiff did not sign such a release, she did not have standing to sue on behalf of those who did. Id. at 10-11.

In Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539 (S.D.N.Y. Oct. 2, 2002), the court denied the plaintiffs' notice motion, but without prejudice to a later refiling if more evidence was presented. The court noted that the plaintiff had failed to meet its light burden of proof on the notice issue, relying on a single affidavit of a dispatcher who only dispatched five to eight copier techs for one of the defendant's forty-one nationwide offices. The defense also offered an analysis of "call reports" that purported to show that little overtime would be owed in any event.

Here, plaintiffs' motion, claiming that they are "similarly situated" to other employees, does nothing more than make legally insufficient, conclusory assertions devoid of any specific references or facts as they pertain to other employees. They also completely fail to apply the facts within the context of the governing legal framework for analyzing their claimed similarity to other Reliable Bakery employees -- a framework that under the circumstances here requires a detailed, individualized analysis of other employees' day-to-day job duties and compensation.

In order to meet their burden, plaintiffs must "demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Levinson, 2003 U.S. Dist. LEXIS at *4 (citation omitted) (emphasis added.) To make this showing, plaintiffs must demonstrate that other Reliable Bakery employees engaged in similar work and were not paid pursuant to a common policy or plan. Plaintiffs have failed to make this modest showing that other Reliable Bakery employees were subjected to any unlawful conduct.

Plaintiffs rely on nothing more than conclusory allegations made by Guzman that other employees were not paid overtime. (See Guzman affidavit ¶11).[2] Guzman asserts "personal knowledge" of these facts based upon conversations he allegedly witnessed and clearly erroneous statements that he knows the hours worked by other employees for every day which those employees worked. Such a statement is absurd. In fact, in the six (6) months since the commencement of this action, plaintiffs have not submitted a single affidavit from a potential class member that anyone else was paid in violation of the FLSA. Guzman says that he worked the day shift so he would not know what hours others worked on the night shift. Moreover, in the six (6) months this matter has been pending before the Court and time period which preceded, plaintiffs have not secured any sort of statement

---

[2] It should be noted that since Plaintiff Guzman only worked from 1999 to January 2007, even his conclusory allegations contained in his affidavit only cover that period. Plaintiff has offered absolutely no evidence (or even conclusory allegations) concerning employees or company policies after January 2007.

from any individual attesting to unpaid wages. Such failures are symptomatic of faulty premises upon which plaintiffs base the instant motion.

Lastly, plaintiffs have not articulated a common practice or policy to which they and similarly situated potential opt-ins were subject to. Plaintiffs do not even estimate the amount they are owed as damages in this action. Plaintiffs attribute the source of their damages as defendants alleged failure to pay proper overtime. Plaintiff does not even allege that similar discrepancies were made in the payment of allegedly "similarly situated" employees of Reliable Bakery. Because there is no way of knowing where the alleged damages stemmed, there can be no claim of a common policy that encompasses all of the potential opt-ins. Consequently, the instant motion must be denied because plaintiffs have failed to make the requisite showing of a common policy or scheme.

This simply is not the type of substantial evidence presented in making collective action determinations, i.e., "factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread plan was submitted" is considered. H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citations omitted). No other persons have been identified with any degree of specificity, no other persons have submitted affidavits (despite the pendency of this action for over six (6) months) and plaintiff has demonstrated no specific knowledge of what other Reliable Bakery employees actually do on a day-to-day basis. In fact, the type of conclusory assertions contained in Guzman's affidavit and complaint are routinely found to be insufficient for purposes of authorizing notice. See, e.g., Haynes, 696 F.2d at 887 (counsel's assertion of widespread violations and that additional plaintiffs would come from other stores insufficient) Pfohl v. Farmers Ins. Group, 2004 WL 554834, at *9 (C.D. Cal. Mar. 1, 2004) (notice rejected when plaintiff failed to offer specific details about what other persons did on the job); Levinson, 2003 U.S. Dist. LEXIS at *4 (non-specific affidavit allegations concerning duties of other employees and compensation insufficient to warrant notice); H&R Block, 186 F.R.D. at 400 (conclusory affidavits stating that other employees were discriminated against insufficient); Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991) (conclusory assertions about centralized employee relations and terminations of other employees insufficient).

In fact, Harrison v. Enterprise Rent-a-Car Co., 1998 U.S. Dist. Lexis 13131 (M.D. Fla. July 1, 1998) highlights their deficiency in this regard. The plaintiff in that case submitted declarations from 58 out of a total of 66 potential class members supporting the allegations in that case. Harrison is the polar opposite of the situation here in which plaintiffs have not submitted a single affidavit from any other Reliable Bakery employee and what plaintiffs did submit is entirely generalized and conclusory.

While a plaintiff may successfully provide factual assertions in support of his claim, unless he establishes that the same holds true for any other potential plaintiffs, the "similarly situated" showing will be inadequate. Levinson, 2003 U.S. Dist. LEXIS at *4. For example, in Levinson, the court denied the plaintiffs' motion because they failed to

demonstrate that the putative members of the collective action suffered the same wrongs as the plaintiffs. The court reached this conclusion because:

> [w]hile the contracts submitted to the court, and their attached compensation schedules, do appear to be substantially similar, a demonstration of the similarity of circumstances of the existing plaintiffs is, of course, insufficient. Even if the assertion, found in each of plaintiffs' affidavits submitted to the court, that "All guides worked under the same contracts," were true, this would not constitute a showing that defendants compensation structure violated the law. The compensation schedules may lack a provision for overtime rates or a guaranteed minimum wage, but it is only when this evidence is combined with evidence such as that provided in connection with the existing plaintiffs, of hourly rates below minimum wage, or overtime hours without overtime pay, that the necessary showing becomes possible. Plaintiffs' attempts to broaden their allegations beyond the existing plaintiffs are insufficiently specific to make such a showing.

2003 U.S. Dist. LEXIS at *4 (emphasis in original).

Likewise, the court in Mike, 274 F. Supp. 2d 216, also emphasized the need for a detailed employee-by-employee examination in order to warrant the sending of notice. The court stated, in pertinent part, that:

> [r]egardless of the possibility that another employee's "primary duties were to appraise damage to automobiles," any other plaintiff would also have to present specific evidence of his or her daily tasks, and the court would have to apply the regulations on an individual basis. Further, in order to determine membership in the class Mike identifies . . ., the Court would have to engage in an ad hoc inquiry for each proposed plaintiff to determine whether his or her job responsibilities were similar to Mike's. As such, Mike has not presented a firm basis for the court to identify similarly situated individuals and has failed to meet his burden under the FLSA

274 F. Supp.2d at 221.

This is precisely the problem plaintiffs face here. Although plaintiffs have perhaps submitted some generalized information pertaining to unpaid wages, they have provided no substantive information as to unpaid wages, if any, owed to the other Reliable Bakery employees. See, e.g., Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (employees are similarly situated when there is a factual nexus between the named plaintiffs and the potential collective action members as victims of a policy or

practice and that plaintiffs are not similarly situated if the action relates to circumstances personal to the plaintiff rather than generally applicable policy.) There is, therefore, no evidence before the Court that any other Reliable Bakery employees were subjected to any unlawful conduct, much less that they were similarly situated.

Furthermore, given the fact-intensive nature of each individuals' claims it is difficult to see how consolidating claims in this Court would further the goals of judicial efficiency and convenience of the litigants. Rather, it would surely add complexity to the matter, as the details of several employees' work are examined on an individualized basis. Indeed, given the small number of employees involved and plaintiffs' failure to show any interest in the matter by any other employees, plaintiffs' motion and proposed Notice represents nothing more than the use of the court system for purposes of soliciting potential clients. See, e.g., Severtson, 137 F.R.D. at 267 (noting in the context of making determination regarding notice that "[t]he courts, as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation.").

In addition, leaving aside the fact that plaintiffs have made no showing warranting the relief their seek, a critical issue unaddressed further belies their assertion that they are "similarly situated" to the other Reliable Bakery employees: plaintiffs neglect to mention that they stand in a far different litigation posture than the putative class members. Plaintiffs have four (4) other causes of action against the defendants alleging violations of New York Labor Law § 190, 663, 12 N.Y.C. RR § 142-2.4, and Business Corporations Law § 630 thereby further disassociating themselves from the very class they seek to represent.

Accordingly, for all these reasons, plaintiffs' motion should be denied.

**POINT III: IF NOTICE IS SENT TO PUTATIVE CLASS MEMBERS, PLAINTIFFS' PROPOSED NOTICE IS INAPPROPRIATE AND SHOULD NOT BE USED**

As fully discussed above, defendants respectfully submit that the sending of Notice to putative class members is not appropriate and plaintiffs' request to do so should be denied. However, if the Court rules that sending Notice is appropriate, plaintiffs' proposed Notice is deficient and misleading. As drafted, not only is certain of the information provided prejudicial to defendants, it does not inform the recipients of information which is important to their decision and which they are entitled to receive. The deficiencies in plaintiffs' notice are as follows:

**A.     The 216(b) Notice should be limited to FLSA Claims**

Plaintiffs attempt to bootstrap their New York State wage claims to the FLSA collective action notice. This is simply absurd and unwarranted.

A collective action is authorized under the FLSA 29 U.S.C. 216(b) to notify individuals about a potential <u>FLSA</u> claim. It is <u>not</u> authorized under the New York State Labor Laws (N.Y. Lab. Law § 190, 655 and N.Y.C. RR § 142-2.4).

Any notice of a collective action pursuant to the FLSA should be just that, i.e. a notice of an FLSA collective action.

Plaintiffs' attempt to include additional state claims is nothing more than a thinly veiled attempted to improperly solicit employees for New York State claims.

**B.**     **<u>Consents should be sent to Court</u>**

Plaintiffs' notice requires that the notice be returned to plaintiffs' counsel, thus ignoring the fact that someone who joins the action may seek to retain other counsel. This portion of Plaintiffs' Notice, however, does not inform the recipient of that fact, clearly in an effort to confuse potential class members. Moreover, the critical event is the filing of the Consent to Join with the Court, not returning it to plaintiffs' counsel. <u>Garcia</u>, 1996 WL 33500122, at *3-4 (potential class members should return their consent forms to the Clerk of the Court, rather than plaintiffs' counsel so as to avoid controversy over filing dates.)

Also, the notice unnecessarily and unfairly implies that a person has a definitive right to recover unpaid overtime.

**C.**     **<u>Effect of Joining this Case</u>**

There are a number of deficiencies concerning notice of the effect of joining the case such as:

- It presumes that the recipient will use plaintiffs' counsel and implies court approval of that counsel as counsel for the entire class.

- It is misleading in that it refers to "the class" and implies that the Court has already made a determination on this issue.

- It implies that the recipient <u>must</u> join this lawsuit if they wish to maintain a claim for their alleged unpaid overtime and does not address the fact that defendant may assert and has the right to assert counterclaims in this action.

**D.**     **<u>Effect of Not Joining this Case</u>**

First, there is again ambiguous language conceiving a person's right to participate in this case through counsel of their own choosing.

Second, the notice implies that the recipient is automatically losing something of value by not joining in this case which may or may not be the case. Such language should be modified to include a reference to the fact that the recipient may not have a valid cause of action and should not automatically opt-in simply because a notice was sent to them.

### E.   Legal Representation

Similarly, there are a number of deficiencies concerning notice about legal representation. First, there is no reference to the recipient being able to retain and contact their own counsel. Second, there is no reference to the fact that the recipient may also contact that defendants' counsel if he or she would like additional information.

### F.   Additional Information

Several critical pieces of information are missing from plaintiffs' notice. First, as discussed above, there is virtually no discussion of the fact that anyone who joins the action may be responsible for attorney's fees, depending on their arrangement with counsel, and will be responsible for costs. Garcia, 1996 WL 33500122, at *4 (language regarding costs should be added "if there is any possibility that any type of costs could be incurred by plaintiffs.") Thus, this should be included.

Second, there is no reference to any of the recipients being able to obtain a copy of the Complaint and Answer in the action. This is information they might want to review in making their decision and should be included.

### G.   Notice Period

In addition to the foregoing infirmities in the proposed notice, plaintiffs seek to send the notice to putative class members dating back over a period of six (6) years. However, the FLSA clearly provides for a statute of limitations of two (2) years for violations and for a period of three (3) years for a willful violation. Although plaintiffs have set forth a claim pursuant to the New York State Labor Law, there is no motion before this Court to certify a class pursuant to Federal Rule of Civil Procedure 23 ("FRCP 23") with regard to those claims. Therefore, any notice period which exceeds a maximum of three (3) years is overly broad in time and scope and cannot be upheld by the Court.

A party commencing an action under the FLSA must do so within two (2) years after the cause of action has accrued. Jacobsen v. The Stop & Shop Supermarket Co., 2004 U.S. Dist. LEXIS 17031, at *7 n.5 (S.D.N.Y. Aug. 27, 2004). If the conduct of the employer is willful, the statute of limitations can extend back over a period of three (3) years. Id. Here, plaintiffs' affidavit in support of the instant motion is devoid of specific allegations which would support a finding that any of defendants' conduct was willful in nature. As previously stated, plaintiffs cannot rely on broad, conclusory assertions of

willfulness as a matter of law; something more is required. Therefore, assuming *arguendo* that the Court concludes that this action can be maintained as a collective action under the FLSA, the appropriate notice period (and the relevant discovery period) would be dating back two (2) years from the date of the Court's ruling until the present. Assuming *arguendo* that the Court were to find that plaintiffs have demonstrated willfulness on the part of defendants, then the notice and discovery period should be limited to a period of three (3) years for the date of the Court's ruling until the present.

Plaintiffs' request for a notice and discovery period of six (6) years is based upon the New York State Labor Law rather than the FLSA and must be denied on the grounds that there is no collective action provision under the Labor Law and plaintiff has failed to make a motion to certify a class action pursuant to FRCP 23, as is necessary in the absence of a collective action provision. See N.Y. LAB. LAW § 198(1). Additionally, the New York Civil Practice Laws and Rules ("CPLR") § 901(b) provides that a plaintiff may not seek class-wide relief that includes statutorily prescribed liquidated or punitive damages unless the statute in question explicitly authorizes its enforcement by class actions. CPLR § 901(b); see Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115, 116 (1st Dep't 1980). Because the Labor Law has no such provision, there is no basis to authorize a notice or discovery period for a period of six (6) years, as plaintiff requests.[3] Rather, the notice and discovery period should be limited to a period of two (2) years pursuant to the FLSA or three (3) years if the Court concludes that there is a sufficient showing of willfulness.

Also, in Foster v. The Food Emporium, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. April 26, 2000), the court held that a notice period of six (6) years was inappropriate. The Court concluded that it did not have subject matter jurisdiction over individuals whose only cause of action was under the New York State Labor Law and, therefore, a notice period of six (6) years was unwarranted given the lack of jurisdiction. ("There is no collective action analogous to [the] FLSA [in] the New York Labor Law… There is, therefore no basis for this Court to authorize notice to potential class members going back six years (which is the statute of limitations under the Labor Law.") Id. at *7-9.

Similarly, the court in Legrand v. Educ. Mgmt. Corp., 2004 U.S. Dist. LEXIS 17966 (S.D.N.Y. Sept. 2, 2004) concluded that the six (6) year notice period was inappropriate because of the lack of subject matter jurisdiction. ("In the absence of diversity and a claim of damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims.") Id.

---

[3] Plaintiff cannot avoid the strictures of CPLR § 901(b) by waiving the liquidated damages remedy because to do so would undermine plaintiffs' ability to adequately represent the interests of the class members, who have a statutory right to the remedy. See Woods v. Champion Courier, Inc., N.Y.L.J. October 9, 1998, at 25, col. 1 (Sup. Ct. N.Y. County 1998) (citing Bradford v. Olympic Courier Sys., Inc., (Sup. Ct. Kings County 1997).

Magistrate Judge Ramon E. Reyes, Jr.
United States District Court
September 7, 2007
Page 12 of 12

These cases support the proposition that a notice period of three (3) years, particularly where, as here, plaintiff has not moved for class certification pursuant to Federal Rule of Civil Procedure 23, is appropriate because the Court does not possess jurisdiction over state claims that are not accompanied by sister federal claims.

Moreover, in Quintanilla v. A&R Demolition, 2005 U.S. Dist. LEXIS 34033, (S.D. Tex. Aug. 30, 2005), the court concluded that a notice period for an FLSA claim should not exceed three (3) years, regardless even of potential equitable tolling. In Quintanilla, the plaintiff argued that a notice period of 4 ½ years was appropriate because equitable tolling might potentially apply to members of the class. Id. at *50-51. The court utterly rejected such an idea, noting that the statute of limitations was at most three (3) years under the FLSA and that a notice period exceeding such a limitations period was inappropriate. Id.

Lastly, as noted above, plaintiffs only worked until January 2007. Therefore, any notice should be limited accordingly as there can be no one "similarly situated" to plaintiffs when plaintiffs were not working. (It should be further limited back to March 16, 2004 due to the FLSA's statute of limitations).

Based upon the foregoing, a notice period of three (3) years is lawful and appropriate in light of the specific provisions of the FLSA and that plaintiffs are not seeking class action status under FRCP 23.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be denied in its entirety and the defendants should be awarded its costs and attorneys' fees incurred in connection with this motion or, in the alternative, if the Court grants plaintiffs' motion, the notice sent to putative class members should be significantly modified.

Respectfully submitted,

**MILMAN & HEIDECKER**

/s/
Joseph M. Labuda

To:   LaDonna M. Lusher, Esq.
      Gary Dmoch, Esq.