UNITED STATES DISTRICT COURT    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARMANDO GUZMAN and JOSE
GARCIA, individually and on behalf of
all other persons similarly situated who
were employed by VLM, INC. d/b/a
RELIABLE BAKERY,

                Plaintiffs,                 MEMORANDUM
                                            AND ORDER

         -against-

                                       07-CV-1126 (JG) (RER)

VLM, INC. d/b/a RELIABLE BAKERY,
and JOSEPH VITACCO,

                Defendants.
-------------------------------------------------------x
A P P E A R A N C E S :

    BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD PLLC
        111 Broadway, Suite 1403
        New York, NY 10006
    By:    Lloyd Ambinder
        Attorneys for Plaintiffs

    REISMAN, PEIREZ & REISMAN, LLP
        1305 Franklin Ave, Suite 270
        Garden City, NY 11530
    By:    LaDonna Marie Lusher
        Attorneys for Plaintiffs

    MILMAN LABUDA LAW GROUP
        3000 Marcus Avenue, Suite 3W3
        Lake Success, NY 11042
    By:    Joseph M. Labuda
        Attorneys for Defendant VLM, Inc. d/b/a Reliable Bakery

    GARY JOHN DMOCH & ASSOCIATES
        171-22 Northern Boulevard
        Flushing, NY 11358
    By:    Gary J. Dmoch
        Attorneys for Defendant Joseph Vitacco

JOHN GLEESON, United States District Judge:

Plaintiffs Armando Guzman and Jose Garcia, former employees of defendant VLM, Inc. ("VLM"), a bakery, bring this putative class action alleging that VLM and its president, Joseph Vitacco, denied them and other bakery employees overtime compensation in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and several New York laws, N.Y. Lab. Law §§ 193, 663; N.Y. Bus. Corp. Law § 630; *see also* N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.2, 142-2.4. Before me now is the question whether plaintiffs are entitled to court-supervised notification to the putative class members under 29 U.S.C. § 216(b), and if so, whether the plaintiffs' proposed notice is appropriate. For the reasons stated below, I hold that the plaintiffs are entitled to notify potential class members, but order several changes to their proposed notice.

## BACKGROUND

Armando Guzman and Jose Garcia are both former employees of VLM, which does business as "Reliable Bakery." VLM's principal place of business is a bakery at 8118 18th Avenue in Brooklyn. Compl. ¶ 11; Vitacco Answer ¶ 6. Guzman and Garcia allege that they regularly worked in excess of 40 hours per week without receiving time-and-a-half pay, and both claim that they have worked with many other bakery employees and have had conversations with multiple other bakery employees who also worked in excess of 40 hours per week without receiving time-and-a-half pay.[1] Guzman Aff., Aug. 14, 2007, ¶¶ 6-9, 11; Guzman Aff., Sept. 13, 2007, ¶¶ 4-5 (claiming

---

[1] They also allege that they and other employees were denied "spread of hours" compensation for hours worked above 10 in a single day, in violation of New York law, *e.g.*, Compl. ¶¶ 62-68, but these state law claims are not relevant to whether the plaintiffs are entitled to notification under 29 U.S.C. § 216(b).

to have discussed matter with 19 named employees); Garcia Aff. ¶¶ 4-7 (claiming to have discussed matter with 26 named employees).[2] They claim that most of these employees performed tasks similar to those performed by the plaintiffs. Guzman Aff., Sept. 13, 2007, ¶ 5; Garcia Aff. ¶ 5. Guzman also affirms that he asked Vitacco to be paid more money, and Vitacco replied that he "was paying the rest of the workers the same way" as Guzman and thus could not pay Guzman more without paying other workers more as well. Guzman Aff., Sept. 13, 2007, ¶ 6. In addition to their affidavits, Guzman and Garcia both submit pay stubs, none of which indicates an hourly rate of pay or the hours worked. Pl.'s Mem. Ex. 1; Ambinder Decl. Ex. A; Ambinder Decl. Ex. B.

Additionally, two other putative class members, who are bakers, have submitted affidavits claiming that they were not paid overtime, and also that they worked with numerous other bakers. Rios Aff. ¶¶ 4, 5; Orellana Aff. ¶¶ 4, 6. Nelson Rios alleges that other bakery employees have told him they did not receive overtime payment, and that he has spoken to 20 named bakery employees regarding the matter, most of whom performed work similar to his. Rios Aff. ¶ 8.[3] Jhon Orellana affirms that he knows his coworkers were not paid overtime compensation from frequent discussions with them, but he does not provide any names. Orellana Aff. ¶ 10. Orellana also provides several pay stubs that do not show his hours worked or hourly rate. Ambinder Decl. Ex C. Guzman also alleges that the "vast majority" of bakery employees were from South America or Central America, and that he believes many might be fearful to bring this

---

[2] Guzman provides only two last names, identifying the rest by first names and nationalities, except for one identified only by a nickname and nationality and one identified only by a nickname. Guzman Aff., Sept. 13, 2007, ¶ 8. Similarly, Garcia identifies five by first and last name, providing first names and nationalities for all the rest except for the same two nicknamed individuals cited by Guzman. Garcia Aff. ¶ 8.

[3] Rios identifies all but three by first name and nationality. Rios Aff. ¶ 8.

case on their own. Guzman Aff., Aug. 14, 2007, ¶ 14; *see also* Guzman Aff., Sept. 13, 2007, ¶ 5 (alleging significant majority of named individuals to be of Latin American national origin); Garcia Aff. ¶ 5 (same); Rios Aff. ¶ 8 (same). Plaintiffs seek to send notice to the putative class of current and former employees of VLM from the past six years.[4]

VLM and Vitacco both deny that they have failed to pay VLM employees overtime. They submit affidavits from 18 individuals, all of whom claim they were told when they began work that they would be paid minimum wage on an hourly basis with time and a half for overtime; that they "believe" they have been paid for all of the time they worked and are not owed any money; that they have "always been paid properly"; and that they have spoken with "dozens" of other employees who have also been paid fully. Viscarra Aff ¶¶ 3, 5-7; Carrasco Aff. ¶¶ 3, 5-7; Cruz Aff. ¶¶ 3, 5-7; Tart ¶¶ 3, 5-7; Iqbal Aff. ¶¶ 3, 5-7; Jesus Martinez Aff. ¶¶ 3, 5-7; Lopez Aff. ¶¶ 3, 5-7; Julio Martinez Aff. ¶¶ 3, 5-7; Hernandez Aff. ¶¶ 3, 5-7; Vitale Aff. ¶¶ 3, 5-7; Baksh Aff. ¶¶ 3, 5-7; T. Husain Aff. ¶¶ 3, 5-7; M. Husain Aff. ¶¶ 3, 5-7; Plastina Aff. ¶¶ 3, 5-7; Flores Aff. ¶¶ 3, 5-7; Huerta Aff. ¶¶ 3, 5-7; Muhammad Aff. ¶¶ 3, 5-7; Marulanda Aff. ¶¶ 3, 5-7. None of them submits any statement or other evidence regarding his or her hourly wage or amount paid, and each of them alleges routinely working at least 51 hours per week.

---

[4]   The proposed notice defines the class as:

> The plaintiffs and all current and former employees of VLM, INC. d/b/a RELIABLE BAKERY ("VLM") who worked as bakers, food handlers, storage handlers, lading dock employees and in other job functions related to defendants' bakery operations VLM's [sic] from 2001 through the present. Corporate officers, shareholders, directors, administrative employees [sic] will not be part of the defined class (the "Class").

Ambinder Decl. Ex. F at 1.

4

The defendants also submit a report summarizing a Department of Labor ("DOL") investigation into VLM's employment practices covering the time period from March 2004 to March 2006. The report lists VLM's FLSA compliance status as compliant with no violations found. Newberger Aff. Ex. A 4. However, the report notes that VLM was in fact in violation of the FLSA's recordkeeping provisions, as "the firm does not keep a record of the hours worked by its non-exempt hourly employees." *Id.* at 7. It notes VLM's compliance status with FLSA's overtime provisions as "no violation uncovered." *Id.* at 6.

DISCUSSION

A. *Standard for Granting Notice*

Section 19(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 219(b), has been interpreted to create an "opt-in" mechanism by which plaintiffs may join a collective action against an employer for FLSA violations by affirmatively notifying the court of their intention to participate in the lawsuit. *E.g.*, *DiFilippo v. Barclays Capital, Inc.*, No. 05-4990, 2006 WL 1716860, at *4-*5 (S.D.N.Y. 2006).[5] District courts have discretion to facilitate notice to potential class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also Braunstein v. Eastern Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978) (per curiam) (such discretion "facilitates the

---

[5] The pertinent language in the FLSA reads:

> An action to recover [liability under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 219(b).

broad remedial purpose of the Act, which should be given a liberal construction, as well as the interest of the courts in avoiding multiplicity of suits").

To merit an order authorizing notice, a plaintiff must show that the potential class members are "similarly situated," *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y 2007), which requires only a "'modest factual showing that [the plaintiff] and potential plaintiffs are victims of a common policy or plan that violated the law,'" *id.* at 367-68 (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)).[6] If a plaintiff meets the "'fairly lenient'" requirements of this "'notice stage,'" the class is certified, often conditionally and subject to decertification if the other members are found not to be similarly situated after discovery. *Iglesias-Mendoza*, 239 F.R.D. at 267 (quoting *Torres v. Gristede's Operating Corp.*, No. 04-3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006); other citations omitted). Due to the conditional nature of the certification contemplated at the notice stage, the "burden on plaintiffs is not a stringent one, and the court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (citing *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)).

While the Second Circuit has not prescribed a particular analysis for determining if plaintiffs have made the requisite showing that the putative class is

---

[6] As court-facilitated notice is not a Rule 23 class action, "plaintiffs need not demonstrate numerosity, typicality, commonality, and adequacy of representation . . . ." *DiFilippo v. Barclays Capital, Inc.*, No. 05-4990, 2006 WL 1716860, at *5 (S.D.N.Y. 2006). Accordingly, at this stage I need not address defendants' claim that Guzman is an inappropriate class representative due to the moral turpitude he allegedly displayed in damaging VLM property or resolve the factual controversy regarding Guzman's conduct. *See, e.g.*, Labuda Aff. ¶ 8; Vitacco Aff. ¶¶ 8-13; Ambinder Aff. ¶¶ 20-23; Guzman Aff., Sept 13, 2007, ¶¶ 9-11. The plaintiffs have not yet moved to certify a class under Rule 23 in order to pursue their state law claims.

similarly situated, *Torres*, 2006 WL 2819730, at *9, district courts in this circuit have looked principally to whether there are (1) "disparate factual and employment settings of the individual plaintiffs;" (2) "defenses available to defendants which appear to be individual to each plaintiff;" and (3) "fairness and procedural considerations" counseling for or against notification to the class. *Id.* at *9 (citation omitted); *accord Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007); *Ayers v. SGS Control Servs., Inc.*, No. 03-9077, 2007 WL 646326, at *5 (S.D.N.Y. Feb. 27, 2007); *see also Rodolico v. Unisys* Corp., 199 F.R.D. 468, 482 (E.D.N.Y. 2001) (applying same three factors plus one ADEA-specific factor in case involving ADEA collective action under § 216(b)).

B.  *Entitlement to Notice*

In light of the foregoing standards, I have no difficulty concluding the plaintiffs here are entitled to court-facilitated notice to the putative class. The plaintiffs have submitted the affidavits of four bakery employees affirming a companywide policy of failure to pay overtime wages and alleging that many other employees who performed similar duties complained of the exact same policy, and have supported their affidavits with suggestive pay stubs for three of them. Defendants' proffered affidavits corroborate that many bakery employees work in excess of 40 hours per week, and do not provide any supporting documentation to substantiate the claim that overtime wages were paid besides the employees' beliefs that they were paid "properly." The DOL's investigation report does not rebut the plaintiffs' case. Its documentation of VLM's failure to keep records regarding the hours its employees worked is consistent with the plaintiff's allegations, and the DOL's failure to uncover any overtime violations is hardly dispositive in light of this recordkeeping violation.

The three-factor approach outlined in *Torres* leads to the same conclusion. It appears that the factual and employment settings of the putative plaintiffs in this case are quite similar. There is no dispute that a large number of bakery employees work over 40 hours a week. The plaintiffs' allegations that many of the other bakery employees perform work similar to theirs has not been rebutted or denied by any affidavits proffered by the defendant. Similarly, Guzman's assertion that the vast majority of the bakery employees originate from countries in Latin America has not been rebutted. In all, there appear at this early stage to be significant factual similarities, and similarities in employment settings, between members of the putative class. Although the defendants have asserted the plaintiff-specific defense that Guzman and Garcia brought this action in retaliation for their discharge for theft and "improper conduct," VLM Answer ¶ 52, this defense will not likely play a significant role in adjudicating the question whether the plaintiffs were denied overtime compensation for years before their discharge. Finally, concerns of fairness favor giving notice, in light of the "broad remedial purpose" of the FLSA, *Braunstein*, 600 F.2d at 336, and Guzman's asserted belief that many bakery employees would be afraid to sue VLM on their own. *See also Frank v. Capital Cities Commc'ns, Inc.*, 88 F.R.D. 674, 676 (S.D.N.Y. 1981) ("[T]he experiences of other employees may well be probative of the existence vel non of a discriminatory policy, thereby affecting the merits of the plaintiffs' own claims . . . .").

Defendants' contention that the plaintiffs' claims are merely "conclusory," Def.'s Mem. 5, tries to hold the plaintiffs to too high a standard at this phase of the litigation. It is hardly realistic, or consistent with the lenient standards of the notice phase of FLSA litigation, to expect plaintiffs to have any more specific knowledge of how much their coworkers are paid than what the plaintiffs have alleged. If the allegations of

8

conversations with named individuals in which those individuals claimed not to have been paid overtime and the allegation of a statement by Vitacco that all bakery employees are paid in a manner similar to Guzman are merely conclusory, even when supported by pay stubs not showing an hourly wage rate, it is difficult to see what quantum of evidence would suffice to make the requisite "modest factual showing." *Iglesias-Mendoza,* 239 F.R.D. at 367 (quotation omitted); *cf. H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (rejecting notice where plaintiffs alleged only that they "believed" other employees were subject to FLSA violations and did not allege conversations with named employees giving rise to this belief).

Defendants are also wrong to claim that the plaintiffs have not "articulated a common practice or policy to which they and similarly situated potential opt-ins were subject . . . ." Def.'s Mem. 6. Plaintiffs have claimed a uniform practice of denying bakery employees overtime pay and requiring them to work in excess of 40 hours a week, and that Vitacco cited the very uniformity of the practice as a reason to avoid paying Guzman overtime pay. *Cf. Marsh v. Butler County School System*, 242 F. Supp. 2d 1086, 1094 & n.5 (M.D. Ala. 2003) (finding no pattern or practice from violations occurring in different job sites when plaintiffs did not allege common policy of "refusing to pay overtime to any employee"). I take no view on the merits of the plaintiffs' claims, *see, e.g.*, *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007), but what they allege is certainly a common practice or policy. Further, the DOL report indicates a common policy of failure to keep records, which is consistent with the affidavits and pay stubs provided by the plaintiffs.

I am unpersuaded by defendants' examples of decisions refusing to facilitate notice. Unlike in *Haynes v. Singer Co., Inc.*, the evidence of FLSA violations

9

here appears in affidavits of employees, not in mere claims made by counsel. *Cf.* 696 F.2d 884, 887 (11th Cir. 1983) ("The judge had before him only counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores."). Unlike in *Pfohl v. Farmers Insurance Group*, here the defendants have submitted no evidence to suggest that the duties performed by putative class members varied widely and the plaintiffs have alleged similarity in the duties performed by members of the putative class. *Cf.* No. 03-3080, 2004 WL 554834, at *9 (C.D. Cal. Mar. 1, 2004) (describing evidence showing difference between job duties of "lead" claims adjusters, "office adjusters," and "field adjusters," and noting that plaintiffs did not allege similarity of tasks performed).

Accordingly, I grant the plaintiffs court-supervised notification of class members pursuant to 29 U.S.C § 216(b).

C. *Content and Form of Notice*

  1. Notice Period

Defendants object to plaintiffs' proposed notice on the grounds that it mentions the pending state law claims in addition to the FLSA claim and that plaintiffs seek the notice to cover the past six years. The FLSA has a three-year statute of limitations for willful violations, and a two-year statute of limitations for non-willful violations. 29 U.S.C. § 255(a). As the plaintiffs allege willfulness, Compl. ¶ 38, the applicable limitations period for the purposes of notice under the FLSA is three years. *See Iglesias-Mendoza*, 239 F.R.D. at 369 ("Where wilfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action." (citing *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002))). The New York Labor Law ("NYLL") has a six-year statute of

limitations, N.Y. Lab. Law § 198(3). Because plaintiffs allege that defendants' conduct also violated this state law, they seek to avail themselves of its longer limitations period, Pl.'s Reply 10.

The NYLL has no equivalent to § 216(b). *Foster v. Food Emporium*, No. 99-3860, 2000 WL 1737858, at *3 (S.D.N.Y. Apr. 26, 2000) (citing N.Y. Lab. Law § 198(1); *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115 (N.Y. App. Div. 1980), *aff'd*, 419 N.E.2d 1079 (1981)). The defendants argue that a class action is unavailable to enforce the NYLL, rendering the named plaintiffs unable to assert the NYLL claims of the other bakery employees. Def.'s Mem. 11. Under New York law, a plaintiff may not seek statutory liquidated or punitive languages on behalf of a class unless the statute explicitly authorizes class actions. N.Y.C.P.L.R. 901(b). As the NYLL includes liquidated damages and no explicit authorization for enforcement through class actions, N.Y. Lab. Law § 198(1-a), plaintiffs cannot seek liquidated damages through a class action.

Plaintiffs cannot maintain a class action by seeking only actual damages, argue the defendants, because forswearing the absent class members' rights to liquidated damages would constitute inadequate representation, barring class certification. Def.'s Mem. 11 n.3 (citing *Woods v. Champion Courier, Inc.*, N.Y.L.J. Oct. 9, 1988, at 25, col. 1 (N.Y. Sup. Ct. 1998)). This argument, however, has been rejected by the weight of New York authority, *e.g.*, *Jacobs v. Macy's East*, 792 N.Y.S.2d 574, 576 (App. Div. 2005); *Pesantez v. Boyle Envt'l Servs., Inc.*, 673 N.Y.S.2d 659, 660 (App. Div. 1998); *Ridge Meadows Homeowners' Ass'n, Inc., v. Tara Development Co., Inc.*, 665 N.Y.S.2d 361, 361 (App. Div. 1997), under which plaintiffs can maintain a class action for actual damages as long as absent class members have an opportunity to opt out and pursue statutory damages. *See Pesantez*, 673 N.Y.S.2d at 660 ("To the extent certain individuals

may wish to pursue punitive claims pursuant to Labor Law § 198(1-a), they may opt out of the class action . . . ." (citations omitted)); *see also, e.g.*, *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94-95 (S.D.N.Y. 2001) (recognizing that New York law permits class representatives to waive statutory damage claims).

There is thus no obstacle to certifying a Rule 23 class to pursue claims under New York state law. The two decisions defendants cite for the proposition that FLSA claims cannot be combined with NYLL claims both incorrectly take New York law to foreclose the possibility of waiving statutory liquidated damages and thus to prohibit certifying a class. *See Foster*, 2000 WL 1737858, at *3 n.3 (claiming that New York law prohibits waiver of liquidated damages by class representatives); *LeGrand v. Educ. Mgt. Corp.*, No. 03-9798, 2004 WL 1962076, at *2-*3 (S.D.N.Y. 2004) (adopting reasoning of *Foster*); *see also Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 341 n.84 (S.D.N.Y. 2004) (noting *Foster*'s misapprehension of state law). As the New York state law claims involve the same conduct as the FLSA claims, the exercise of supplemental jurisdiction is clearly proper. 28 U.S.C. § 1367; *see also, e.g.*, *Torres*, 2006 WL 2819730, at *11 (exercising supplemental jurisdiction over New York Labor Law and FLSA claims, citing cases).

Given that I can properly exercise supplemental jurisdiction over the NYLL claims arising out of the policies complained of here, notice to all similarly situated employees who worked for VLM during the six years prior to the filing of this complaint is proper. *See Harrington v. Educ. Mgt. Corp.*, No. 02-0787, 2002 WL 1343753, at *2 (S.D.N.Y. June 19, 2002) (authorizing FLSA notice to all similarly situated employees who worked for defendant in New York in past six years due to NYLL claims); *Realite*, 7 F. Supp. 2d at 308 n.4 (same). Despite the defendants'

suggestion to the contrary, Def.'s Mem. 11 (arguing that six-year notice period must be rejected because "plaintiff has failed to make a motion to certify a class action pursuant to [Rule] 23"), this is the case even though the plaintiffs have not yet moved to certify a class to pursue their state law claims, as both *Harrington* and *Realite* authorized notice covering a six-year period before classes were certified to pursue the state law claims. *Harrington*, 2002 WL 1343753, at *1; *Realite*, 7 F. Supp. 2d at 304. Therefore, the notice should go back to March 16, 2001, and plaintiffs are directed to substitute "March 16, 2001" for "2001" in the proposed notice.

Similarly, I reject the defendant's contention, unsupported by any authority, that notice must stop at January 2007, the date that the plaintiffs stopped working at VLM, as they cannot be "similarly situated" to any employee after that point. Courts have found employees with similar job functions and subject to the same allegedly unlawful practices to be "similarly situated" for notice purposes despite being at different job sites. *See, e.g.*, *Realite*, 7 F. Supp. 2d at 303-04 (approving notice even though "all of the [alleged] violations may not have occurred at each of the 15 Ark Restaurants, and that offending compensation practices may have varied somewhat among the restaurants"); *Burch v. Qwest Commc'ns Int'l*, No. 06-3523, 2007 WL 2254747, at *1, *8 (D. Minn. July 24, 2007) (approving notice to a class composed of employees at job sites in 14 different states). If plaintiffs can be similarly situated to those who held similar jobs and were subject to the same policies despite having worked at different locations, I see no reason why they cannot be similarly situated to those who held similar jobs and were subject to the same policies despite having worked at different times, if those times were not far apart and were within the applicable statute of limitations.

13

2. Reference to State Law Claims

Defendants object to the proposed notice's reference to claims under New York state law, considering that the notice is being sent pursuant to § 216(b). Questions regarding the form of the notice are largely left to my discretion. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105-06 (S.D.N.Y. 2003) ("No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain."); *see also Hoffmann-LaRoche*, 493 U.S. at 170 ("As did the Court of Appeals, we decline to examine the terms of the notice used here, or its concluding statement indicating court authorization. We confirm the existence of the trial court's discretion, not the details of its exercise."). While there are several instances of § 216(b) notice being sent with reference only to the FLSA claims and not state law claims, *e.g.*, *Gjurovich*, 282 F. Supp. 2d at 107, 109-11; *see also Burch*, 2007 WL 2254747, at *10 (deletion of reference to state law claims consented to by plaintiff), there is not a per se rule against inclusion of such claims, *Garcia v. Elite Labor Serv., Ltd.*, No. 95-2341, 1996 WL 33500122, at *3 (N.D. Ill. July 11, 1996) (report and recommendation) (Guzman, Mag. J.) ("As to the fact that the notice references State law claims I do not find this to be a problem because the complaint clearly seeks relief under [state laws]."), *adopted*, No. 95-2341, 1996 WL 559958 (N.D. Ill. Sept. 30, 1996). Given that a potential plaintiff with both FLSA claims and state law claims would consider whether or not a state action was also being brought relevant to his decision whether to opt in to pursue his FLSA claims, I find the reference to state law proceedings appropriate.

3. Information Regarding Representation, Costs, and Availability of Further Information

The defendants object that the proposed notice is misleading because it does not notify potential plaintiffs that they can retain other counsel. Def.'s Mem. 10. Plaintiffs argue that their notice is not misleading because it refers to the putative class members' right to consult with counsel. Their proposed notice states, "You have a right to consult with an attorney about this matter. Lloyd Ambinder, Esq., of Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, located at 111 Broadway, Suite 1403, New York, NY 10006, telephone number (212) 943-9080, represents the plaintiffs in this case." Ambinder Decl. Ex. F at 3. This language could be misleading in two ways. First, placing the contact information of the plaintiff's counsel directly after the sentence regarding the right to consult an attorney could mislead potential class members into thinking that plaintiff's counsel is the only attorney they may consult with. Second, even if potential class members understand "an attorney" to mean an attorney other than plaintiff's counsel, they may not understand that they have a right to have an outside attorney actually represent them, not merely advise them whether to join the class.

Additionally, the defendants object that the proposed notice fails to notify potential plaintiffs that plaintiffs "will be responsible for costs," Def.'s Mem. 10, and that the defendants could bring counterclaims, *id.* at 9. Given the remote possibility that such costs for absent class members would be other than de minimis, and the absence of any showing by defendants that counterclaims are likely to be meaningful in this case, I think such language is inappropriate. It may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.

The defendants also contend the notice should advise potential class members that they can contact the defendants' attorneys for more information and that they can obtain copies of the complaint and answer. Def.'s Mem. 10. I find that it would be appropriate to notify potential class members that they can seek further information about the case, and to include the contact information of defense attorneys. *See Gjurovich*, 282 F. Supp. 2d at 107-08 (ordering that notice provide contact information on both attorneys and means to obtain further information).

Accordingly, plaintiffs are directed to modify their notice to include language conveying the above information. The first two paragraphs on page 3 of the revised notice shall be replaced with the following language:

> [Name and contact information of plaintiff's counsel] represents the plaintiffs in this case.
>
> [Name and contact information of VLM's counsel] represents defendant VLM in this case, and [Name and contact information of Vitacco's counsel] represents defendant Joseph Vitacco in this case. If you choose to join this case, you should not contact the defendants' lawyers directly yourself.
>
> You will not be required to pay any fee for services provided by [plaintiffs' counsel]. If you are represented by plaintiffs' attorneys, their costs and fees will be paid out of any recovery against VLM. You have a right to consult with an attorney about this matter. If you wish to be represented by other counsel, you may retain another attorney, but you will be responsible for paying that attorney.
>
> Further information about this Notice, the deadline for joining the lawsuit, or answers to other questions concerning this lawsuit may be obtained by contacting the plaintiffs' attorneys [plaintiff's counsel may choose to repeat their contact information here or reference their earlier contact information].

*See Gjurovich*, 282 F. Supp 2d at 107-10 (ordering and approving similar language regarding counterclaims, contact information for defendants' counsel, and further information).

4. Reference to "the 'Class'"

Defendants object that the proposed notice's reference to "the 'Class'" may imply that I have already certified a class in this matter, as opposed to merely authorizing notice to a putative class. Def.'s Mem. 9; *see also* Ambinder Decl. Ex. F at 1 ("Corporate officers, shareholders, directors, administrative employees [sic] will not be part of the defined class (the 'Class').").  Considering that at no subsequent point does the notice reference "the 'Class,'" this language seems gratuitous, and may mislead potential class members as suggested by the defendant.  Accordingly, plaintiffs are directed to strike the parenthetical reading "(the 'Class')" from the first page of their proposed notice.

5. Consents Directed to Plaintiff's Firm

The defendants object to the proposed notice's statement that those who wish to opt in to the FLSA collective action "must sign and return" the consent to joinder form to plaintiff's counsel, Ambinder Decl. Ex. F at 2, claiming that such notices should be sent to the Clerk of Court.  Def.'s Mem. 9.  The plaintiffs argue that their counsel has experience in collecting such notices and is simply providing a "uniform location to collect all of the notices without burdening the court."  Pl.'s Reply 11.  The consent to joinder form indicates both the employee's decision to participate in the action and desire to have plaintiff's counsel represent her in the proceedings.  Pl.'s Reply Ex. G.  I find that this inappropriately discourages employees from seeking outside counsel.  *See Garcia*, 1996 WL 33500122, at *5 (noting that majority of courts direct parties to submit opt-in forms to clerk of court).  Accordingly, the notice shall direct the recipients to submit their consent forms to the Clerk of Court, not to the plaintiffs' attorneys.

6. Other Objections to Content of Notice

The defendants also assert that the notice "unnecessarily and unfairly implies that a person has a definitive right to recover unpaid overtime." Def.'s Mem. at 9. Given that all claims of rights to recovery in the proposed notice are prefaced with the word "may," *see* Ambinder Decl. Ex. F at 1-3, I see no such implication. Finally, the defendants also object, with no explanation, to the sentence, "You have a right to participate in this action even if you are an undocumented alien or you were paid in cash." *See* Labuda Aff. Ex. C at 3. I am not persuaded that there is anything wrong with this statement.

D. *Application for Fees and Costs*

The defendants' request for an award of attorney's fees and costs in connection with this motion is denied.

## CONCLUSION

For the reasons stated above, the motion to authorize notice is granted. On or before October 19, 2007, the plaintiffs are directed to propose a newly modified notice consistent with this decision. As discussed at oral argument, upon the joint application of the parties, I will consider authorizing language other than the language directed by this decision.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 11, 2007