GARY JOHN DMOCH & ASSOCIATES
Gary J. Dmoch (GD9667)
171-22 Northern Boulevard
Flushing, NY 11358
Telephone: 718-939-4444
Facsimile: 718-445-2520

Attorneys for Defendant
JOSEPH VITACCO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO GUZMAN and JOSE GARCIA, Individually and on behalf of all other persons similarly situated who were employed by VLM, INC. d/b/a RELIABLE BAKERY<br><br>Plaintiffs,<br><br>v.<br><br>VLM, INC. d/b/a RELIABLE BAKERY, and JOSEPH VITACCO,<br><br>Defendants. | CIVIL ACTION NO. 07-1126 (JG)<br><br>DECLARATION OF GARY J. DMOCH IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

GARY J. DMOCH, an attorney admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under the penalties of perjury that:

1. I am associated with the office of Gary John Dmoch & Associates, attorneys for the Defendant, Joseph Vitacco, and am familiar with this action based on the file maintained at this office.

2. I make this declaration in opposition to Plaintiffs' motion for an Order (1) granting collective action status under 29 U.S.C. § 216(b) and (2) pursuant to Rule 23 of the Federal Rules of Civil Procedure certifying this action as a class action.

3. The Court should deny plaintiffs' motion for collective action and class certification because under the circumstances, joinder is more practicable.

4. The number of potential claims and the facts surrounding this case do not warrant collective action status or class certification.

5. As defendant will demonstrate below, the total number of claims and potential claims to date amount to five.

6. In addition, under the circumstances in this case, a Rule 23 class certification is not superior to the opt-in provisions under the Fair Labor Standards Act (hereinafter referred to as "FLSA").

7. Moreover, the plaintiff, Armando Guzman, who seeks to represent the class has failed to establish that he is similarly situated to the other potential class members in that his duties are substantially more extensive than that of the other four potential class members; he is no longer employed by the Defendants, it lacks any specificity as to the identity of the "other" employees he spoke to regarding overtime wages or even when these conversations were held.

8. In fact, all of plaintiffs' affidavits lack specificity with respect to the identity of the "other" employees who the deponents had conversations with regarding overtime wages; they contain conflicting statements, and in many instances simply mimic each other.

9. Finally, class certification under Rule 23 of the FRCP would only serve to confuse potential class member who a short while ago were given notice to affirmatively "opt-in" to this action if they were interested and will then be given notice to "opt-out" if they are not interested.

1. **JOINDER IS PRACTICABLE BECAUSE THE POTENTIAL NUMBER OF CLAIMS ARE FEWER THAN SIX EMPLOYEES**

10. Section 29 U.S.C. 216(b) of the FLSA provides for an opt-in procedure, whereby notice is mailed to potential class members advising them of the action and instructing them on how to join the action, if they wish to do so.

11. The potential class member must affirmatively "opt-in" in order to be a part of the suit. See <u>Leuthold v. Destination America, Inc.</u>, 224 F.R.D. 462, 469 (N.D. Cal. 2004) ("the FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join").

12. This provision is an easy and efficient method by which current and former employees can join in an action and assert their potential claims.

13. In addition, this provision serves to narrow down the number of claims that may exist by identifying the employees who seem to be or believe to be aggrieved by the employer's actions.

14. In the case at bar, a notice of pendency or "opt-in" notice was forwarded to 133 former and current employees pursuant to this Court's order of October 26, 2007. (See Plaintiff's Exhibit I.)

15. Out of the 133 "opt-in" notices mailed, to date, only 2 employees have returned and filed said notices with the Court, the plaintiff, Armando Guzman, and Mr. Nawazish Ali Khan.

16. As the Court will note, the plaintiff, Jose Garcia, and Messrs. Orellana and Rios have not "opted-in" despite having previously submitted Affidavits in support of this action and despite the fact that they all received a notice of pendency of this action.

17. Therefore, to date, the potential class comprises of two individuals. However, even assuming arguendo that the plaintiff Jose Garcia and Messrs. Orellana and Rios eventually will opt-into the FLSA action, the potential number of claims will amount to only five individuals.

18. The Court has consistently held that "where class members can be easily identified, joinder is more practicable". Andrews v. Bechtel Power Corp., 780 F.2d 124, 131-32 (1st Cir. 1985) (citations omitted); see also Rowe v. Morgan Stanley, Dean Witter, 1999 U.S. Dist. LEXIS 21746, at **57-61 (same) (D.N.J. 1999).

19. In addition, the Court has held that classes of 15 members "will often be to small". General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission, 446 U.S. 318, 330 (1980). See e.g. National Association of Government Employees v. City Public School Board of San Antonio, 40 F.3d 698, 715 (5t h Cir. 1994)(affirming that class of 11 members does not satisfy requirement of numerosity)

20. Although there are different standards that are utilized when certifying a class action under Rule 23 and when seeking collective action status under the FLSA, the different standards do not deter the fact that out of 133 former and current employees who received notice, that only 2 have chosen to opt-in, with the likelihood that only an additional 3 will choose to do the same.

21. Therefore, the potential number of claimants in this action is five, readily identified and located within this state.

22. Since there are far fewer members of the class who have asserted a claim or who will potentially assert a claim by opting-in, and since the identities of these individuals have been ascertained, joinder of these parties would be more practicable.

4

23. Ultimately, we cannot lose focus of the purpose of the FLSA opt-in provisions, which is to give individuals the opportunity to join if they wish to do so. The remaining 131 putative class members have affirmatively chosen not to "opt-in" to date. The likelihood that they will do so in the future is highly remote. By not opting in, these 131 individuals have indicated that they do not want to be a part f this action. Therefore, as to the five potential individuals, joinder would be practicable and preferable over a collective action or class action. Since joinder is practicable the plaintiffs' motion should be dismissed at this time.

**2.   RULE 23 CERTIFICATION IS NOT SUPERIOR TO THE OPT-IN PROVISIONS UNDER THE FLSA AND JOINDER OF THE PARTIES**

24. The Court should deny plaintiffs' motion for class certification because the plaintiffs cannot show this action qualifies for class treatment under subsection 23(b)(3) of the FRCP.

25. Subsection 23(b)(3) provides, among other things, that a class action can be maintained id it "is superior to other available methods for the fair and efficient adjudication of the controversy". In other words, plaintiffs must show that class certification is superior to the other methods available. (i.e. joinder and/or FLSA collective action)

26. Plaintiffs cannot establish that class certification under these circumstances is superior to the "opt-in" provisions of the FLSA. See Leuthold, 224 F.R.D. at 470 ("[m]aintaining the suit exclusively as a FLSA conditional class action is superior to certifying an additional state law class under Rule 23(b)(3)").

27. Further, Courts have determined that where there are a "relatively modest number of existing present and former employees, the Court sees nothing to favor the proposition that we should impose on the collective FLSA claim an overlay of a Rule 23(b)(3) state law class. Muecke v. A -Reliable Auto Parts & Wreckers, Inc., 2002 WL1359411 at *2 (N.D. Ill, June 25, 2002).

28. In Muecke, the plaintiffs similarly filed suit under the FLSA and the comparable state law and sought to send collective action opt-in notices under the FLSA claim and to certify a class under Rule 23 for the state law claims. Id at *1.

29. The Court allowed the plaintiffs to proceed with the FLSA collective action but declined to give plaintiffs class certification under Rule 23 until after the opt-in period closed and explained that it would be incongruous to have "an FLSA class including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees". Id at *1.

30. In addition, in Thiebes v. Wal-Mart Stores, Inc., 2002 WL 479840 (D. Or. January 9, 2002), the Court granted the plaintiff's motion to proceed as an FLSA collective action where 425 individuals opted in but denied class certification under Rule 23 for the state law claims because joinder was not impracticable.

31. The Court expressed concern that "certification of the proposed class would bring in many more employees than those who believe they were actually aggrieved by [employer's] alleged conduct" (Id at *3)(emphasis added).

32. Here, as in Muecke and Thiebes, there are a small number of employees who are alleging they are owed back wages, specifically the 2 who have opted in to the

FLSA and potentially three additional individuals, bringing the total number of potential class members to five.

33.  Allowing a collective action under FLSA for potentially five individuals and certifying a class under Rule 23 for the state law claims will create an inconsistent result, where you will have a class that has affirmatively chosen to be a part of the action and a class that is a part of the action by virtue of being employed despite the fact that they chose not to opt-in.

34.  Under these circumstances collective action status and joinder of the Rule 23 class on the state law claims is more practicable and will efficiently adjudicate the potential claims.

3. **PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THERE ARE OTHER SIMILARLY SITUATED EMPLOYEES**

35.  Under the FLSA, the plaintiffs have the burden of meeting only one threshold requirement, which is to demonstrate that potential class members are "similarly situated". Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.") (citations omitted).

36.  Courts have held that in order to meet this burden of proof, the plaintiffs must make a factual showing sufficient to demonstrate that they and potential class members are victims of a common policy or plan that violated the law. Mike v. Safeco

Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003). See also Hoffman, 982 F. Supp. at 261.

37. To make the required showing here, the "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted). See also Levinson, 2003 WL 22533428, at * 1 (factual showing must be "sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law") (emphasis added) (citation omitted); Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (in putative FLSA collective action, denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs burden") (citation omitted); Krueger v. New York Tele. Co., 1993 WL 276058 (S.D.N.Y. July 21, 1993) (when the litigation is in its early stages, plaintiffs need only provide some factual basis from which the court can determine if similarly situated plaintiffs exist); Schwed v. General Elec. Co., 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995) ("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist").

38. Here, the affidavits submitted by plaintiffs are nothing more than conclusory and self-serving statements and lack any specificity with respect to the other employees.

39. Specifically, the affidavits lack any references as to the exact type of work performed by the other employees named in the Guzman, Garcia and Rios Affidavits; when the plaintiffs and Messrs. Orellana and Rios first became aware of overtime wages; when they first discussed overtime wages with the other employees (if Plaintiff Guzman's attorneys first made him aware of potential entitlement to overtime wages in 2007, then how could Plaintiff Guzman often speak with the other employees if he was terminated in early 2007?); who were the employees that plaintiffs spoke with regarding overtime wages, etc…

40. Further undermining plaintiff's Armando Guzman's claim that he is similarly situated is the fact that his duties were more extensive that that of plaintiff Jose Garcia and Messrs. Orellana and Rios. (Plaintiff's Exhibit A, ¶4)

41. Specifically, plaintiff Armando Guzman claims his duties included maintenance, cleaning, baking, food preparation, shipping, food handling, food storage and other related tasks. Mr. Guzman goes on to state that his co-workers performed some (but not all) of these tasks. Who were these co-workers? What were their tasks?

42. Yet as the Court will note, no other duties are identified by the other three individuals other than "baker" and "baking bread". (See Plaintiff's Exhibits B, ¶3, C and D, ¶4)

43. Therefore, the fact that Guzman performed extensive duties or more duties than the other plaintiff, Jose Garcia, and other potential class members places him in a different category from these individuals.

44. Further, the affidavits submitted by plaintiffs provide no substantive information as to the duties that the other employees performed. See, e.g., Bonilla v. Las

Vegas Cigar Co., 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (employees are similarly situated when there is a factual nexus between the named Plaintiffs and the potential collective action members as victims of a policy or practice and that plaintiffs are not similarly situated if the action relates to circumstances personal to the plaintiff rather than generally applicable policy.)

45.  Finally, the plaintiffs Armando Guzman and Jose Garcia, are no longer employed by the defendants, their employment having been terminated in January 2007 and February 2006, respectively.

46.  Courts have held that plaintiffs who have terminated their relationships with the defendant have a conflict of interest with class members who are presently employed. See N.L.R.B. v. St. Louis Comprehensive Neighborhood Health Center, Inc., 633 F.2d 1268 (8th Cir. 1980) (vacating prior holding that former employees challenging practices that occurred while they were employed could represent present employees whose claims flowed from same legal theory). In this matter, none of the named Plaintiffs are presently employed by Defendants. Since the putative class includes present employees, due to conflicts of interest neither one of the plaintiffs can be adequate representatives of the putative class.

47.  Therefore, there is no substantial evidence before the Court that the plaintiffs in this action are similarly situated to the other employees.

4.  **CLASS CERTIFICATION UNDER RULE 23 WOULD CONFUSE POTENTIAL CLASS MEMBERS**

48. Finally, another reason why joinder is practicable and logical under the facts of this case is that an is because it would be too confusing to potential class members to have an "opt-in" under the FLSA claims on the one end and an "opt-out" on the State law claims on the other.

49. The law clearly requires that potential state law class members be advised and informed of the existence of their rights under both the FLSA and New York State Law. Informing them and asking them to make a choice whether to opt-in to an FLSA case, and whether to opt-out of a Rule 23 claim under the New York Labor Law, would be essentially confusing.

50. For example, 133 former and current employees received a notice of pendency and an opt in form under § 216(b). Should the Plaintiffs obtain Rule 23 certification, potential class members will now receive a second notice rights containing the same caption and similar language in the notice, but this time asking them to affirmatively opt out of the case if they do not want to be a part of the case. In addition, the notice will advise them that if they do nothing, they will be a part of the case. If these 131 employees wanted to be a part of this action they would have signed the consent forwarded by plaintiffs and forwarded it by mail. Moreover, here 133 notices went out and only two people responded. It cannot be said that if 133 notices under Rule 23 go out and no one responds (or opts out) that there are 133 individuals who have state law claims against defendants. Rather, it is more likely that these potential class members would regard the second notice as a duplicate of the first and ignore it completely.

11

51.   For the above reasons, Plaintiffs' motion for collective action status and class certification should be denied in its entirety.

Date: Flushing, New York
      January 31, 2008

        **GARY JOHN DMOCH & ASSOCIATES**

        By: _s/_____
            Gary J. Dmoch, (GD 9667)
            171-22 Northern Boulevard
            Flushing, NY 11358
            Telephone: 718-939-4444
            Facsimile:  718-445-2520
            Attorneys for Defendant-Joseph Vitacco

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Declaration of Gary J. Dmoch in Opposition to Plaintiffs' Motion for Class Certification has been sent via first class mail to counsel for counsel for Plaintiffs, Lloyd R. Ambinder, Esq. at the Law Offices of Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, Trinity Centre, 111 Broadway, 14th Floor, New York, New York 10006 and Defendant, V.L.M., Inc., Joseph M. Labuda at Milman & Heidecker, 3000 Marcus Avenue, Suite 3W3, Lake Success, NY 11042.

This 31st day of January, 2008.

s/
Pantelis Skulikidis