UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARMANDO GUZMAN and JOSE GARCIA, individually and on behalf of all other persons similarly situated who were employed by VLM, INC. d/b/a/ RELIABLE BAKERY,

                                 Plaintiffs,

         -against-

VLM, INC. d/b/a/ RELIABLE BAKERY, and JOSEPH VITACCO,

                                 Defendants.

Index:   07-CV-1126 (KAM) (RER)

# FINAL ORDER

The parties having applied for a Final Order of the Court (i) approving the settlement of the above-captioned action (the "Action"), pursuant to a Stipulation of Settlement and Procedure for Resolution ("Settlement Agreement") dated March 27, 2009, and (ii) dismissing the Action pursuant to the terms and conditions set forth in the Settlement Agreement and the Notice of Proposed Settlement of Class Action and Settlement Hearing (the "Notice"); and

This matter having come to be heard before the Court on June 16, 2009 pursuant to an Order of the Court which directed among other things, that a hearing be held on notice for the purpose of determining whether the settlement provided for in the Settlement Agreement and the Notice is fair, reasonable and adequate and whether it should be approved by the Court; and

The Court having read and considered the Settlement Agreement, the papers filed in support of the settlement, and the fee request; and it appearing

    (i)    the Notice was mailed by First Class Mail on or before April 8, 2009, each member of the Class as defined in the Notice;

(ii) the Court having heard, at a Hearing held on June 16, 2009 the attorneys for the respective parties in support of the Settlement; and no objection(s) to the Settlement having been filed, and no objection(s) to the Settlement having appeared at the hearing; and

(iii) Plaintiffs' counsel having notified the Court that the amount of the potential settlement fund created for the benefit of the class would not exceed the sum of $1,200,000.00, and

(iv) Plaintiffs' counsel having further notified the Court that the FLSA Claims contained in the annexed Exhibit "1" total $340,016.82; and

(v) Plaintifs' counsel having further notified the Court that claimants Evaristo Rosales, David Berrios, Ramon Chavez, Ikram Khan Juan Carlos Rodriguez and Alberto Hernandez, possess Rule 23 claims designated as "Disputed" pursuant to Paragraph 8(d)(i) of the March 27, 2009 Settlement Agreement.  The parties have been in active negotiations to settle these claims, and a supplemental order will be submitted to the Court in the event that these Disputed Claims are resolved prior to August 31, 2009.

The Court now finds that:

(a) The Settlement was arrived at through arm's length, good faith bargaining among the parties;

(b) The terms of the Settlement are fair, reasonable and adequate to the Class members;

(c) The Notice given to the members of the Class in both Spanish and English constituted valid and sufficient notice to all persons entitled thereto; and

(d) No persons having requested that they be excluded from the Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order shall apply to all past or present employees, representatives, agents and/or servants (including their successors or assigns) of all former and present employees of VLM, Inc. d/b/a Reliable Bakery and Joseph Vitacco (collectively "VLM") employed between March 2001 and December 31, 2008 who worked as bakers, food handlers, storage handlers, landing dock employees and in other job functions related to defendants' bakery operation. (the "Class").

2. The Stipulation of Settlement is approved in all respects as fair, reasonable and adequate to and in the best interests of the Class Members, and the parties are directed to consummate the Settlement of the Action in accordance with the terms and provisions of the Stipulation of Settlement and the Notice.

3. With the exception of Evaristo Rosales, David Berrios, Ramon Chavez, Ikram Khan Juan Carlos Rodriguez and Alberto Hernandez, whose claims have been designated as "Disputed" pursuant to Paragraph 8(d)(i) of the March 27, 2009 Stipulation of Class Action Settlement and Procedure for Resolution , and Marcelino Carrasco, who by separate legal counsel has applied to the Court to be permitted to participate in this settlement, all remaining Class Members possessing a New York Labor Law cause of action, as defined in the Settlement Agreement, shall conclusively be deemed to have released, with prejudice, the VLM Defendants, and all past, present and future officers, directors, shareholders, subsidiaries, affiliates, parent corporations, reinsurers, principals, agents, employees, attorneys, accountants, or other representatives of the VLM Defendants from any and all claims, causes of action, rights, debts, costs, expenses, or attorney's fees, whether known or unknown, in any and all forums, which have or could have been asserted in the Complaint or which arise out of or relate to the VLM Defendants with respect to the claims that are the subject of this

Action. This provision does not apply to Class Members who may possess a FLSA claim against the Defendants, and nothing in the Settlement Agreement or this Final Order shall be deemed to waive, relinquish or impair any right that a Class Member may have to seek to enforce his or her rights under the FLSA.

4. The aggregate amount of wage and benefits due and owing to the FLSA Claimants appearing on the annexed Exhibit 1 Class is $340,016.82.

5. Claimants are awarded their allowed claims, less a fee of twenty percent (20%) for professional fees and disbursements.

6. In accordance with the terms of the Stipulation the VLM Defendants, individually or jointly shall pay the sum of $540,000.00 as follows: (a) $284,182.44 to the FLSA Class Claimants in the amounts set forth on the annexed Exhibit "A"; (b) $252,231.77 to the firm of Virginia & Ambinder, LLP Counsel for plaintiffs representing attorneys' fees; and, (c) $3,585.79 payable to the firm of Virginia & Ambinder for fees, costs and expenses associated with this matter.

7. In furtherance of Paragaph 8(d) of the Settlement Agreement, in order to secure payment of the amount of $540,000.00 (representing professional fees and FLSA Class Claims), on or before September 1, 2009, VLM shall execute a security agreement (chattel mortgage) and cause to be filed a UCC1 filing statement granting to Virginia & Ambinder, LLP ("Secured Party") a security interest in all manufacturing equipment, substitutions, replacements and accessions thereto, owned by VLM, Inc. at 8118 18th Avenue, Brooklyn, New York.

7. The parties shall endeavor to resolve the outstanding disputed claims of Evaristo Rosales, David Berrios, Ramon Chavez, Ikram Khan Juan Carlos Rodriguez and Alberto Hernandez. The parties shall report to the Court on the status of these claims by August 31, 2009. To the extent

that this claim cannot be resolved by August 31, 2009, these claims shall be referred to a Court-appointed neutral for trial in accordance with the terms of the Stipulation of Settlement. The parties are directed to submit a status report to the Court on August 31, 2009 regarding the status of the Disputed Claims.

9. In accordance with Paragraph 8(e) of the Settlement Agreement, the VLM Defendants shall fund the Settlement Account, including professional fees and costs no sooner than thirty-one (31) days after the date that this Final Order is So-ordered by the Court, and no later than October 1, 2009.

10. The Court reserves jurisdiction over the Action and the plaintiffs and defendants herein for purposes of effectuating and enforcing the Settlement.

Dated: Brooklyn, New York
_____ \_\_, 2009

**E N T E R:**

_____